[S.F. No. 25115. Apr. 23, 1987.]

In re L. EUGENE RASMUSSEN, a Judge of the Justice Court, on Censure.

## OPINION

**THE COURT.**—The Commission on Judicial Performance has recommended that we publicly censure L. Eugene Rasmussen, a Judge of the Justice Court, Lake Valley Judicial District, El Dorado County, for "wilful misconduct in office," and for "conduct prejudicial to the administration of justice that brings the judicial office into disrepute." (Cal. Const., art. VI, § 18, subd. (c)(2).) Judge Rasmussen has not challenged the findings or recommendation. Under rule 919(c) of the California Rules of Court, his decision not to make such a challenge "may be deemed a consent to a determination on the merits based upon the record filed by the Commission."

The record reveals that during the period 1981-1984, Judge Rasmussen violated canon 2 of the California Code of Judicial Conduct, which states that "A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." The record further reveals that Judge Rasmussen violated canon 3A(3), which states that "A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity . . . ," and canon 3C(1), which states that "A judge should disqualify himself in a proceeding in which his disqualification is required by law, or his impartiality might reasonably be questioned. . . ."

Judge Rasmussen's violations of canon 2 include the following incidents: publicly branding a coach at a youth sports event as a "pervert" based on

Judge Rasmussen's knowledge that the coach had once been convicted of violating section 647a of the Penal Code (child molestation); initiating probation revocation proceedings on a probationer based on personal reasons other than the faithful discharge of his duties; communicating to a criminal defendant his likely sentence in the absence of counsel; engaging in intemperate, open-court criticism of a fellow judge; improperly suggesting that the State Bar investigate an attorney who had asserted the attorney-client privilege in response to overly inquisitive questioning in chambers; displaying a lack of impartiality to, and petty harassment of attorneys who filed affidavits of prejudice against him.

Judge Rasmussen's violations of canon 3 include the following incidents: discouraging the exercise of peremptory disqualification rights by inappropriate means, including the making of intemperate remarks to counsel, and attempting to inconvenience counsel by withholding judgments in unrelated cases; refusing to disqualify himself from sentencing proceedings after having substantively communicated to the defendant his likely sentence in the absence of counsel; initiating probation revocation proceedings based on patently insufficient evidence; displaying an intolerant, and persistently abusive and sarcastic demeanor toward litigants, attorneys, and others in his courtroom.

■ We hold that the foregoing misconduct represents a disturbing, intolerable affront to the legal profession, and to the public. Were it not for the persuasive testimony from numerous other members of the bar that Judge Rasmussen has engaged in continuing, commendable efforts since 1984 to temper his courtroom behavior, a more severe sanction might be warranted. We are confident, however, that in light of the totality of the evidence presented, and giving particular attention to Judge Rasmussen's recent success in conforming his behavior to the Code of Judicial Conduct, this severe public censure shall suffice as adequate admonishment. This order will serve as the appropriate sanction.